IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN E. ELLIS,                          )
                                         )
             Petitioner,                 )
                                         )
      v.                                 )     Case No. 23-3075-JWL
                                         )
KEVIN PAYNE, Commandant,                 )
United States Disciplinary Barracks,     )
                                         )
             Respondent.                 )
                                         )
_____)

**MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2241 in which he challenges his convictions by court martial. As his sole basis for relief, petitioner claims that his convictions were unconstitutional because military court-martial panels are not required to reach unanimous decisions. For the reasons set forth below, the Court **denies** the petition.

**I.      Background**

Petitioner, who is imprisoned within this jurisdiction, was convicted in 2020 by court martial of sexual assault of a child and sexual abuse of a child. The United States Army Court of Criminal Appeals (ACCA) initially affirmed the convictions. *See United States v. Ellis*, 2020 WL 6821712 (Army Ct. Crim. App. Nov. 13, 2020). The ACCA then agreed to reconsider its ruling, but it again affirmed the convictions, and the Court of Appeals for the Armed Forces (CAAF) denied review of that ruling. *See United States v.*

*Ellis*, 2020 WL 7312074 (Army Ct. Crim. App. Dec. 10, 2020), *rev. denied*, 81 M.J. 226 (Ct. App. Armed Forces 2021).

Petitioner subsequently filed the instant petition seeking relief from his convictions under Section 2241. The Court stayed the litigation of the petition pending final resolution of appeals in a case decided by the CAAF involving the same issue. *See United States v. Anderson*, 83 M.J. 291 (Ct. App. Armed Forces 2023), *cert. denied*, 144 S. Ct. 1003 (2024). After the Supreme Court denied the petition for certiorari in *Anderson*, the Court lifted the stay, and the parties filed further briefs. The petition is now ripe for ruling.

**II.    Analysis**

By this claim, petitioner asserts that the Fifth and Sixth Amendments require unanimous verdicts for convictions in courts martial. Petitioner especially relies on *Ramos v. Louisiana*, 590 U.S. 83 (2020), in which the Supreme Court held that a unanimous verdict is required to convict a defendant in state court of a serious offense. *See id.*

The Court begins by considering whether it may review the merits of this claim, in light of the fact that petitioner asserted the same claim on direct appeal to the ACCA and the CAAF, both of which rejected the claim. In 2023, the Tenth Circuit clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir.), *cert. denied*, 144 S. Ct. 191 (2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at

855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)).  A court determines whether such full and fair consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1.  The asserted error must be of substantial constitutional dimension.  2.  The issue must be one of law rather than of disputed fact already determined by the military tribunals.  3.  Military consideration may warrant different treatment of constitutional claims.  4.  The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)).  Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed.  *See id.*  "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review."  *See id.* at 858.

As the Court recently ruled in a case involving an identical claim, the first two *Dodson* factors are satisfied here because petitioner's claim raises constitutional issues and presents a pure question of law.  *See Livingston v. Payne*, 2024 WL 3328584, at *2 (D. Kan. July 8, 2024) (Lungstrum, J.).  Moreover, respondent has again failed to identify any specific military consideration that warrants a different treatment with respect to whether a unanimous verdict should be required.  *See id.*

As in the other case, however, the petition here founders on the fourth *Dodson* factor.  Petitioner raised this specific issue on appeal to the ACCA; but the ACCA summarily rejected petitioner's argument, stating that it had "given full and fair consideration" to issues raised by petitioner that were not explicitly addressed in the opinion and had found that "they merit neither discussion nor relief."  *See Ellis*, 2020 WL

3

7312074, at *1 n.1. Petitioner raised the issue again in his petition for review, but the CAAF rejected the argument by denying review of the ACCA's ruling. Thus, the military courts gave adequate consideration to this claim. *See Thomas v. United States Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010) ("[W]hen an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion.") (quoting *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)) (quoted in *Drinkert v. Payne*, 90 F.4th 1043, 1047 (10th Cir. 2024)); *see also Livingston*, 2024 WL 3328584, at *3-4 (discussing Tenth Circuit precedent in concluding that the petitioner did not satisfy this factor when he had briefed the issue to the military courts, which summarily denied the claim). The Tenth Circuit recently stressed that in considering the fourth *Dodson* factor, it "ordinarily focus[es] only on how the issue was presented to the military court, without considering that court's reasoning, or even its conclusion." *See Drinkert*, 90 F.4th at 1046-47. In this case, petitioner briefed this very issue to the ACCA and the CAAF, including the argument that the Supreme Court's holding in *Ramos* should apply to courts martial. Petitioner has not suggested any basis to conclude that the ACCA did not give adequate consideration to this claim in summarily rejecting it.[1]

---

[1] Indeed, the fact that the ACCA granted reconsideration of its initial opinion to address one issue a second time supports the conclusion that that court carefully and diligently considered the issues raised by petitioner on appeal.

The fourth *Dodson* factor also requires the military courts to "apply proper legal standards." The Tenth Circuit has clarified that it is not enough for a petitioner merely to argue that the military courts failed to apply the proper standard correctly; rather, the petitioner must show that the military courts did not identify and apply the standard that governs the inquiry. *See Drinkert*, 90 F.4th at 1048-49. Petitioner argues that the ACCA did not apply the applicable Supreme Court standards, but he does not identify any particular standard in making that argument. The Court cannot conclude that the ACCA applied incorrect standards based solely on the fact that the ACCA did not grant relief to petitioner on the claim.

Accordingly, because petitioner has failed to establish that the fourth *Dodson* factor weighs in his favor, the Court may not review the merits of his present claim. The Court therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 11th day of July, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge